CLAUD E. HOOD, Appellant, *v.* MAURICE MURRAY et al., Respondents. (Action No. 1.)

HENRY LITTLE, Appellant, *v.* MAURICE MURRAY et al., Respondents. (Action No. 2.)

Third Department, March 28, 1966.

*Wager, Taylor, Howd & Brearton (John P. Taylor* of counsel), for appellants.

*Maynard, O'Connor & Smith (Arthur R. Flores* of counsel), for respondents.

AULISI, J. This is an appeal from an order of the Supreme Court at Special Term, Rensselaer County, which denied plaintiffs' motion for summary judgment, in actions to recover damages for personal injuries sustained by plaintiffs arising out of an intersection collision between a vehicle owned and operated by plaintiff Hood and one owned by the corporate defendant and driven by the defendant Murray. Plaintiff Little was a passenger in the Hood automobile. While the motion could only be granted on plaintiffs' affirmative showing, we do note that the answering affidavit made by one of defendants' attorneys is not based upon personal knowledge, is pure hearsay, valueless and must be disregarded (*Di Sabato* v. *Soffes,* 9 A D 2d 297; *Cohen* v. *Pannia,* 7 A D 2d 886). In support of the

motion the papers include not only an affidavit from each of the plaintiffs, in which evidentiary facts are alleged from which the proof of defendants' negligence and plaintiffs' freedom from contributory negligence is clear and inescapable but also an affidavit by an eyewitness to the accident who asserts "I observed a light colored station wagon coming toward me going west on State Street going at a fast rate of speed. He had just passed me when I heard a loud screech of brakes and with that I turned to see this light colored station wagon strike a Volkswagen bus which was proceeding through the intersection on First Street. I saw there were two occupants of this Volkswagen bus. When the Volkswagen was struck it was almost through the intersection. The front of the Volkswagen was at the south curb line of State Street, it was struck with such force that it was spun around toward the west. The driver of the light colored station wagon, whom I later learned to be Maurice Murray, one of the defendants above named, got out of his car and went over to the driver of the Volkswagen ".

It is undisputed that Hood was going slowly; that he had the right of way; that he was almost through the intersection when the impact occurred; that the police accident report, in essence, reveals the same facts set forth in the afore-mentioned affidavits; and that the defendant Murray pleaded guilty to passing the stop sign at State Street at its intersection with First Street. The defendants are completely silent. They have made no attempt to explain Murray's failure to obey the stop sign and keep his vehicle under control. We are, therefore, constrained to disagree with the Special Term and to hold that Murray's failure to stop at the intersection was a proximate cause of the accident. One of the definitions of proximate cause is " an act or omission occurring or concurring with another, without which act or omission the injury would not have been inflicted " (38 Am. Jur., Negligence, § 50, p. 695). The defendants place much reliance on *Cooper* v. *Greyhound Bus Corp.* (13 A D 2d 173). That case, however, is clearly distinguishable. In *Cooper* plaintiff said his car went to the left and was stopped when it was struck in the rear by defendant's bus but the driver of the bus gave a different version of the occurrence stating it looked to him that Cooper was going to the right and then all of a sudden he changed his mind to make a left turn and that at the time of the collision both vehicles were moving; all of which created a very definite triable issue of fact as to how the accident happened. We have no such issue here.

The order should be reversed, on the law and the facts, and motion for summary judgment granted, and cases remitted to

the Special Term for appropriate proceedings for assessment of damages.

GIBSON, P. J., HERLIHY and HAMM, JJ., concur.

Order reversed, on the law and the facts, with costs to appellants, and motion for summary judgment granted, with costs, and cases remitted to the Special Term for appropriate proceedings for assessment of damages.